

# THE ATTORNEY GENERAL
## OF TEXAS.

### AUSTIN 11, TEXAS

WAGGONER CARR
ATTORNEY GENERAL

October 23, 1964

Honorable James O. Gerst
Savings & Loan Commissioner
1010 Lavaca
Austin, Texas

Opinion No. C-335

Re: Whether the operation
of certain facilities
of a savings and loan
association comes
within the definition
of an "agency" as that
term is defined in
Rules and Regulations
for Building and Loan
Associations.

Dear Mr. Gerst:

Your request for an opinion asks whether the operation
of certain facilities of an association, when considered
in light of facts stated in an enclosed deposition, comes
within the definition of "agency" as that term is defined
in: (1) Section 3.1 of the Rules and Regulations for
Building and Loan Associations adopted November 15, 1963;
and (2) the Rules and Regulations for Building and Loan
Associations adopted January 27, 1958, and amended November 5, 1960.

"Agency" is defined in the Rules and Regulations
adopted November 15, 1963, and in the Rules and Regulations adopted January 29, 1958, and amended November 6,
1960, as being ". . .any lawful arrangement whereby
any business of an association is conducted other than
by <u>regularly</u> <u>employed</u> personnel of the association."

The facts, as stated in the deposition, show that
the association has opened certain offices, contending
that the personnel operating these offices are "agents"
of the association within the meaning of that term as
used in the Rules and Regulations. The personnel who
work at the offices in question sign an employment contract with the association in which they are designated
as "agents" of the association. The facts, as stated
in the deposition, indicate no substantial difference
in the association's treatment of the personnel who
are designated as "agents" and the association's treatment of the personnel designated as "employees." The
association treats the "agents" and "employees" in a
similar manner in the following instances:

-1594-

1. The "agents" receive regular monthly compensation.

2. The "agents" are considered to be employees by the association for purposes of the association's federal income tax returns.

3. The "agents" are considered to be employees by the association for the purpose of the association's unemployment insurance.

4. The "agents" participate in the association's group medical plan, and there is no distinction between the "agents" and the "employees" in the coverage extended to participants.

5. The "agents" are protected under the association's workman's compensation insurance in the same manner that "employees" are protected.

6. The "agents" are paid a year-end bonus based on the same criteria which are considered for the payment of a year-end bonus to "employees."

7. The "agents" do not have expenses in connection with the operation of the offices in question, as all overhead is paid by the association.

8. The "agents" are reimbursed for expenses they incur while working for the association in the same manner that the "employees" are reimbursed.

9. The association deducts withholding and social security taxes from the compensation paid the "agents" just as it does from the compensation of "employees."

10. The "agents" are required to turn time cards in to the association just as the "employees" are required to do.

11. The "agents" have the same vacation benefits as "employees."

12. The "agents" are under the direct control and supervision of the association in the performance of their duties, just as the "employees."

When the definition of "agency" as stated in the Rules and Regulations is applied to these facts, the

question of whether the offices opened by the association are operating within the Rules and Regulations turns on whether the personnel operating the offices in question are "regular employees" of the association. If these personnel are "regular employees" of the association, the offices are not being operated within the framework of the Rules and Regulations.

The only distinction between the "agents" and other employees of the association is the employment contract signed by the "agents" in which the personnel are called "agents." It is well settled that a party to a contract who is designated as an "agent" in the contract is not an "agent" merely because of such designation. The exact relationship is determined by the legal effect of the provisions of the contract. 2 Tex.Jur.2d 446, Agency, Section 10. The contract in question is attached to the deposition as Exhibit 1, and it provides for regular compensation, payment of all operating costs by the association, and control of the "agents" by the association as to the procedures to follow in handling loans, office hours and provisions for time and termination of the relationship.

Further evidence showing that there is no material difference between the personnel designated as "agents" and those personnel designated as "employees" is found in testimony of the association's president on page 28 of the enclosed deposition wherein the president of the association made the following statements in response to questioning:

"Q. If the application for a loan office is granted, would there be anything required to be done to the records of the association to change these persons involved in the agencies to be carried as employees?

"A. Yes

"Q. What would have to be done?

"A. These contracts would have to be redone, for one thing.

"Q. Insofar as your books and records, payroll, medical, anything of that sort--

"A. No

Honorable James O. Gerst, page 4 (C-335)

"Q. --is there anything that would have
to be done?

"A. No, not that I know of.

"Q. And the difference would simply be to
dispose of the contract, because then, they
would be an employee, as you would see it, is
that right?

"A. Assuming we retained them as employees."

When all of the facts concerning the similarity in
the treatment of "agents" and "employees" by the associa-
tion are considered, it is clear that the "agents" are
actually regularly employed personnel of the association.
Since, under the facts stated in the deposition furnished
with your opinion request, there is no material distinc-
tion made by the association between "agents" and "regu-
lar employees," the operation of the facilities in ques-
tion does not constitute the operation of an "agency"
within the meaning of that term as defined in the Rules
and Regulations.

### S U M M A R Y

The operation of certain savings and loan
facilities does not come within the meaning
of "agency" as that term is defined in Sec-
tion 3.1 of the Rules and Regulations for
Savings and Loan Associations adopted November
15, 1963, or The Rules and Regulations for
Building and Loan Associations, adopted Jan-
uary 29, 1958, and amended November 6, 1960.

Very truly yours,

WAGGONER CARR
Attorney General of Texas

JOHN W. FAINTER, JR.
Assistant Attorney General

JWF:ced

APPROVED:
OPINION COMMITTEE

W. V. Geppert, Chairman

Joe R. Long

Paul Phy

W. O. Shultz

Kerns Taylor

APPROVED FOR THE ATTORNEY GENERAL
BY:  ROGER TYLER